IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFORD WRIGHT, | ) | CASE NO. 4:05-cv-2870 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | NANCY A. VECCHIARELLI |
| DAVID BOBBY, | ) | |
| | ) | |
| Respondent. | ) | **ORDER** |

On August 4, 2006, Petitioner filed a motion to compel discovery. (Doc. No. 12.) For the reasons stated below, this motion is **DENIED**.

The discovery process set forth in the Federal Rules of Civil Procedure does not apply across the board in habeas corpus actions. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). In *Harris v. Nelson*, 394 U.S. 286, 295 (1969), the United States Supreme Court held that the "broad discovery provisions" of the Federal Rules of Civil Procedure do not apply in habeas corpus proceedings. As a result of the holding in *Harris*, the Rules Governing Section 2254 Cases In United States District Courts were promulgated in 1976. Specifically, Rule 6(a) provides:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

Under the "good cause" standard, a district court should grant leave to conduct discovery in habeas corpus proceedings only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that

he is . . . entitled to relief . . . .'" *Bracy,* 520 U.S. at 908-909 (quoting *Harris*, 394 U.S. at 300). *See also Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir.2001).

In the instant action, Petitioner seeks the following discovery: 1) disclosure pertaining to the names of individuals likely to have discoverable information; 2) a list of all documents that Respondent may use in support of his position; 3) computation of damages and insurance agreements; 4) production of a transcript of a December 2, 2003 suppression hearing and unidentified documents; and 5) an admission or denial that police officers testified at the suppression hearing of December 2, 2003. Petitioner has not, however, shown good cause for the requested discovery. Petitioner argues that the requested discovery will help him establish his "actual innocence," but fails to explain how it will do so. The information presently before the Court is insufficient and does not establish that Petitioner may be entitled to relief by obtaining this evidence. Moreover, as Respondent filed the requested transcript of the suppression hearing with this Court on September 1, 2006, Petitioner's request for discovery of the transcript is moot.

Therefore, Petitioner's motion to compel discovery is DENIED.

IT IS SO ORDERED.

s/ *Nancy A. Vecchiarelli*
NANCY A. VECCHIARELLI
UNITED STATES MAGISTRATE JUDGE

Date: November 3, 2006