IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
CLIFFORD WRIGHT,                                       : CASE NO.  1:05 CV 02870
                                                       :
                            Petitioner,                :
                                                       : MEMORANDUM OF OPINION AND
                  -vs-                                 : ORDER ADOPTING REPORT AND
                                                       : RECOMMENDATION AND DENYING
DAVID BOBBY, Warden,                                   : IN PART AND DISMISSING IN PART
                                                       : PETITIONER'S WRIT OF HABEAS
                            Respondent.                : CORPUS
------------------------------------------------------ :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is Clifford Wright's ("Mr. Wright") petition for habeas relief pursuant to 28 U.S.C. § 2254.  (Doc. 1).  In a thorough and concise Report and Recommendation ("R&R") to this Court, United States Magistrate Judge Nancy A. Vecchiarelli advised the petition be denied.  (Doc. 18).  In response, Mr. Wright filed timely objections to the R&R, which the Court considers below.  (Doc. 21).

The parties have fully briefed all issues and the Court finds that an evidentiary hearing is unnecessary.  See Rule 8(a) of Rules Governing 2254 Proceedings; 28 U.S.C. § 2254(e).  For the following reasons, the Court adopts Magistrate Judge Vecchiarelli's R&R and dismisses and denies Mr. Wright's habeas petition.

**I. Background**

The Federal Magistrates Act requires a district court to conduct a <u>de novo</u> review only of those portions of the R&R to which the parties have made an objection.

28 U.S.C. § 636(b)(1). Moreover, the factual findings of a state court are presumed to be correct. A federal court may only diverge from a state court's factual findings if the petitioner shows by clear and convincing evidence that the findings are erroneous. 28 U.S.C. § 2254(e)(1).

The Court of Appeals, Seventh District, Mahoning County, Ohio delineated the facts of this case on direct appeal. Because Mr. Wright has not rebutted these factual findings by clear and convincing evidence, the Court presumes they are correct and, accordingly, recites the following facts:

> On July 25, 2001, James Grant was trying to start his wife's car outside an apartment building he managed in Campbell, Ohio. The car stalled that morning and Grant could not get it to start. While Grant was in the car, a young man approached him and asked for the time. After Grant told him it was a little after seven, the man pulled out a revolver, pointed it at Grant, and demanded the car. Grant both told and demonstrated to the man that the car would not start. The man then told Grant that the gun was not real and walked away.
>
> Grant called 911 and described the man who robbed him to the operator. Within minutes, an officer arrived on the scene and Grant began describing the man to him as well. Another officer found a man fitting Grant's description near the scene while Grant was talking to the officer. That man was Wright. Grant heard that they had found a suspect on the first officer's radio. The officer then left to help capture the suspect, who had run away. The officers eventually found Wright in a local residence. The gun was never recovered.
>
> After arresting Wright, an officer brought him back to the scene of the crime. At this time, which was within an hour of the crime, Grant positively identified Wright as the man who robbed him. Grant saw that Wright was wearing the same distinctive clothing he was wearing at the time of the robbery.
>
> Since Wright was a minor at the time of the crime, the State filed a delinquency complaint in the Mahoning County Juvenile Court. That court transferred jurisdiction to the court of common pleas and the Mahoning County Grand Jury indicted Wright for aggravated robbery with a firearm specification.

2

> Wright moved to suppress Grant's identification of him as the offender, claiming the procedure used was so highly suggestive that there was a substantial likelihood of misidentification. After a hearing, the trial court denied this motion.
>
> The case proceeded to a jury trial. While seating the jury, the prosecutor exercised a peremptory strike against an African-American juror. Wright argued that the prosecutor was engaging in purposeful racial discrimination. The trial court disagreed and allowed the prosecutor to strike this juror.
>
> At the conclusion of the trial, the jury found Wright guilty of both aggravated robbery and the firearm specification. At the sentencing hearing, the trial court sentenced Wright to an eight-year term of imprisonment and ordered that term be served consecutive to and after a three-year term for the firearm specification.
>
> Furthermore, in its journal entry, the trial court stated: "Defendant's criminal history and social history shows that consecutive sentences are needed to protect the public.

State v. Wright, 2004 WL 2913909 (Ohio App. 7 Dist., December 7, 2004) (Doc. 9; Exhibit 9).

Mr. Wright is currently serving an aggregate sentence of eleven years imprisonment for aggravated robbery with a firearm specification. (Doc. 13, Exhibit 4).

On 13 December 2005, after pursuing his direct appeal and applying to reopen his direct appeal under Rule 26(B), Mr. Wright sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting nine grounds for relief:

**Ground One**: The trial court erred when it denied appellant's motion to suppress improperly suggestive pretrial identification which violated appellant's due process rights in contravention of U.S. Const. Amend. XIV.

**Ground Two**: The trial court erred in permitting the government to use its peremptory challenge in a racially discriminatory manner, thereby denying appellant equal protection under the law as guaranteed by the U.S. Const. Amend. XIV.

**Ground Three**: Appellant's conviction of the firearm specification was contrary to the law as the government failed to prove beyond a reasonable court that the weapon was operable.

**Ground Four**: The trial court abused its discretion when it imposed more than the minimum sentence without making factual findings to support the sentence as required by Ohio Revised code § 2929.14(B) in violation of U.S. Const. Art. I §§ 1, 2, 9, and 16.

**Ground Five**: The trial court erred when it gave the flight jury instruction which created an improper mandatory presumption of guilt in violation of Appellant's right as guaranteed by the United States Constitution Amend. V, VI, and XIV.

**Ground Six**: The verdict reached by the jury was against the manifest weight of the evidence and the evidence was insufficient to support the verdict, thus denying Appellant's due process rights per United States Constitution Amend. XIV and right to a fair trial United States Constitution Amend. VI.

**Ground Seven**: Appellant was denied his right to a fair trial in violation of United States Constitution Amend. VI and XIV as a result of the cumulative error which occurred throughout the trial.

**Ground Eight**: Appellate Rule 26(b) ineffective assistance of appellate counsel.

**Ground Nine**: Appellant was deprived of due process of the Fourteenth Amendment to the Federal Constitution when the evidence adduced at trial was against the manifest weight and insufficient as a matter of law on the charged offense of R.C. § 2911.01(A)(1)(C).

(Doc. 1).

## II. Report and Recommendation

Upon a review of the habeas petition, the State's response (Doc. 9), and Mr. Wright's Traverse (Doc. 13), Magistrate Judge Vecchiarelli's R&R advises that because Grounds Two, Three, Five, Six, Seven, and Nine, could have been, but never were, presented to the Ohio Supreme Court, a federal habeas court is barred from hearing the issues, and the claims are considered procedurally defaulted. See Murray v. Carrier, 477 U.S. 478, 485 (1986); Edwards v. Carpenter, 529 U.S. 446 (2000). The R&R further advised that under the Sixth Circuit's decision in Maupin v. Smith, 785 F.2d 135,

138 (6th Cir. 1986), Mr. Wright failed to establish "cause" for neglecting the procedural rule, and failed to establish that he was actually prejudiced by the alleged constitutional error. (Doc. 18, pp. 6-14).

Mr. Wright sought to establish "cause" through an allegation – Ground Eight of his habeas petition – of ineffective assistance of appellate counsel. However, the R&R found the Petitioner's ineffective assistance allegation could not provide reason for "cause" under Maupin where Mr. Wright's initial allegation, pursued as a Rule 26(B) application to re-open his direct appeal was, itself, untimely. The R&R pointed out that not only was Mr. Wright's Rule 26(B) application recognized as untimely by the state appellate court, but that court also found that even if timely, the Petitioner's application would have been denied on its merits. See Coleman v. Thompson, 501 U.S. 722, 729-32 (1991).

The R&R also addressed Mr. Wright's contention that he should not be held accountable for his appellate counsel's decision to submit only (what have become) Grounds One and Four to the Ohio Supreme Court. The R&R found the untimely ineffective assistance claim posed by Mr. Wright, as a Rule 26(B) petition in state court, did not allege that his appellate counsel was ineffective for raising only two claims before the Supreme Court of Ohio. The R&R also noted that Mr. Wright's ineffective assistance claim could not provide the basis for "cause" under Maupin to excuse his procedural default in an instance such as this where the Petitioner had no constitutional right to counsel on his appeal to the Ohio Supreme Court. See Halbert v. Michigan, 545 U.S. 605 (2005); Washpun v. United States, 109 Fed. Appx. 733, 735 (6th Cir. 2004).

5

Finally, the R&R advised that Mr. Wright's procedural default of his ineffective assistance of counsel claim was not excused under the alternative theory of "actual innocence" because the Petitioner failed to allege and demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." See Bousley v. United States, 523 U.S. 614, 622; Hilliard v. United States, 157 F.3d 444, 450 (6th Cir. 1998).

Accordingly, the R&R advised the dismissal of Grounds Two, Three, Four, Five, Six, Seven, Eight, and Nine, as procedurally defaulted.

The R&R further advised denying Ground Four of the Petitioner's habeas writ as non-cognizable, pursuant to Estelle v. McGuire, 502 U.S. 62, 68 (1991) (stating, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").  Mr. Wright exhausted Ground Four on direct appeal, contending that the trial court's imposition of more than a minimum sentence under O.R.C. 2929.14(B) violated the Ohio and federal constitutions. The R&R noted that a federal court may not issue a habeas writ on the basis of an alleged error of state law and may only act upon such an allegation if the perceived error of state law is so egregious as to deny fundamental fairness or create a constitutional error.  See Pulley v Harris, 465 U.S. 37, 41 (1984).

Ground Four of Mr. Wright's habeas petition specifically alleges the trial court abused its discretion by imposing more than a minimum sentence without making the factual findings to support the sentence as required by O.R.C. § 2929.14(B).[1]  The state

---

[1]In pertinent part, O.R.C. § 2929.14(B):
    if the court imposing a sentence upon an offender for a felony elects

appellate court, reviewing the sentencing transcript, concluded the trial judge made the requisite finding during the sentencing hearing that Mr. Wright's more than minimum sentence was predicated on his lengthy criminal record and the likelihood of recidivism. (Doc. 9; Exh. 9). The R&R found Mr. Wright had not demonstrated a denial of fundamental fairness or other constitutional infirmity in the application of the state sentencing statute, relying on Estelle v. McGuire, and Shakoor v. Collins, 63 F. Supp. 2d 858, 864-65 (N.D. Ohio 1999) (noting that "a federal habeas court does not act as an additional appellate court to review state law and procedure, and that federal habeas courts may reverse state court convictions only when there has been a constitutional error in the state court proceedings, or an error in state law 'so egregious as to deny fundamental fairness in the trial process.'").

The R&R reviewed Ground One of Mr. Wright's habeas writ on the merits. (Doc. 18, pp. 14-18). The Petitioner exhausted Ground One on direct review, after the trial court held a suppression hearing on the issue, finding that the identification procedure of Mr. Wright, moments after the offense, was not impermissible under Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375 (1972). Mr. Wright argued in his habeas Traverse that his

---

> or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
> (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
> (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

O.R.C. § 2929.14(B)

presentation for identification to James Grant, the victim, was prejudicial as improperly suggestive.  The R&R considered Mr. Wright's contention that his due process rights were violated when he was presented, alone in the back of the squad car for identification minutes after his confrontation with the victim.  The Petitioner also alleges improper due process when, prior to Mr. Grant's identification, the victim heard the police announce over the radio that they had a "suspect."  The R&R properly reviewed Mr. Wright's contention pursuant to the factors laid down in Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243 (1977) and Neil v. Biggers, advising that the "state appellate court's decision did not unreasonably apply the clearly established federal law under a Biggers analysis."  (Doc. 18, p. 16).[2]

Mr. Wright filed a timely pro se objection (Doc. 21) to the R&R, from which the Court construes two broad contentions: first, with regard to Ground One, the state appellate court did not properly apply the Biggers analysis and the trial court improperly relied upon the victim's eyewitness testimony alone during the suppression hearing

---

[2]The Biggers' decision directed courts to consider several factors when evaluating the constitutional reliability of identification, including: (1) the opportunity of the witness to view the defendant at the initial observation; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the defendant; (4) the level of certainty shown by the witness at the pretrial identification; and (5) the length of time between the initial observation and the identification.  Biggers, 409 U.S. at 199-200.  The state appellate court, reviewing Mr. Wright's challenge to the reliability of the identification, noted: the Petitioner stood less than a foot away from Mr. Grant, who was sitting in his car; that Mr. Grant had a sustained opportunity to view Wright during the offense; that Mr. Grant's description of Mr. Wright and his clothing was consistent and accurate with a "reasonably specific amount of detail"; that Mr. Grant was unwaivering in his certainty that Petitioner was "the same person"; and, that Mr. Grant identified Mr. Wright in the back of the squad car about fifteen minutes after the offense occurred. State v. Wright, 2004 WL 2913909, ¶¶ 33-35.

(Doc. 21, pp. 1-4); and, second, with regard to Ground Eight, the appellate counsel was ineffective for failing to raise, before the Ohio Supreme Court, all seven of the assignments of error raised before the state appellate court (Doc. 21, pp. 5-17). To further bolster his ineffective assistance of counsel claim, Mr. Wright asserts his actual innocence. (Doc. 21, pp. 11-13, 16).

### III. Law and Analysis

#### A. Ground Four Non-cognizable

As an initial matter, the Court notes there are no objections to the finding made by the R&R that Ground Four of the habeas petition is non-cognizable. Therefore, it must be assumed that the parties are satisfied with it. Any further review by this Court would be a duplicative and inefficient use of the Court's limited resources. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of Health and Human Services, 932 F.2d 505 (6th Cir. 1991); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

#### B. Grounds Two, Three, Five, Six, Seven, and Nine Procedurally Defaulted

A state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir.2001) (A petitioner "cannot obtain federal habeas relief under 28 U.S.C. § 2254 unless he has completely exhausted his available state court remedies to the state's highest court"). If he or she fails to do so, but still has an avenue open to present the claims, the habeas petition is

9

subject to dismissal for failure to exhaust state remedies. Id.; Anderson v. Harless, 459 U.S. 4, 6 (1982) ( per curiam ).  A habeas petitioner satisfies the exhaustion requirement when the highest court in the state in which the petitioner has been convicted has had a full and fair opportunity to rule on the claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994);  Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)  If, because of a procedural default, the petitioner can no longer present the claims to a state court then those claims are also waived for purposes of federal habeas review unless the petitioner can demonstrate "cause "for the procedural default and "actual prejudice" resulting from the alleged constitutional error.  Murray v. Carrier, 447 U.S. 478, 485 (1986).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule.  Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." Id.  Second, the Court must determine whether the state courts actually enforced the state procedural sanction. Id.  Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. Id.  Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate there was cause to not follow the procedural rule and that the petitioner was actually prejudiced by the alleged constitutional error. Id.

10

In this instance, and upon review of the record, the Court finds that, under Maupin, Grounds Two, Three, Five, Six, Seven, and Nine of his habeas petition are procedurally defaulted for failure to present those claims to the highest court, the Ohio Supreme Court.

### C. Ground Eight: Procedurally Defaulted

Once the Court determines that constitutional claims are subject to procedural default, as the Court does here for the unexhausted Grounds Two, Three, Five, Six, Seven, and Nine, the Court sitting in habeas review may not address the merits of those claims absent a showing by the Petitioner of "cause" to excuse the default and "actual prejudice" from the underlying constitutional claim.  See Maupin v. Smith, 785 F.2d at 138.  The Petitioner asserts that he can demonstrate cause and prejudice to excuse the default of his above listed six grounds for relief.  Specifically, the Petitioner offers, as cause, his Ground Eight of ineffective assistance of appellate counsel for the failure to raise those six claims on direct appeal.

However, before a claim of ineffective assistance of counsel can be considered by this Court as cause to excuse procedural default, the claim must first be fairly presented to the state courts.  See Edwards v. Carpenter, 529 U.S. 446, 452-53, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000) (holding that an ineffective assistance of counsel claim offered as cause for the default of a substantive federal claim must first be properly presented to the state courts).  As the record before this Court indicates, the Petitioner did not accomplish the required presentation to the state courts.  The state appellate court properly found that Mr. Wright's Rule 26(B) application to re-open was

11

not timely filed.  (Doc. 9; Exh. 15).  Moreover, the particular allegations of appellate counsel ineffectiveness that the Petitioner offered as "cause" for reopening his direct appeal were sufficiently dealt with by counsel before the state appellate court.

Specifically, the Petitioner's Rule 26(B) application sought to reopen his appeal to raise issues directly addressed on the merits by the state appellate court in Mr. Wright's first, third and sixth assignments of error.  (Doc. 9; Exh. 15, ¶¶ 4, 5).  Mr. Wright's Rule 26(B) application did not allege, as he alleges before this habeas Court, ineffectiveness in his counsel's decision to raise only two of the seven appellate claims before the Supreme Court of Ohio.  Accordingly, the Petitioner's claim of ineffective assistance of counsel is, itself, procedurally defaulted and, as such, cannot provide "cause" under Maupin for the procedural defaults of Grounds Two, Three, Five, Six, Seven, and Nine of his habeas petition.

In addition to the Maupin analysis, undergone by the R&R and revisited here under the discussion of whether Mr. Wright had "cause" for his untimely Rule 26(B) application for ineffective assistance of counsel, this Court must also consider whether this is "an extraordinary habeas corpus case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Murray, 477 U.S. at 496.  In his objection to the R&R, Mr. Wright declares his "actual innocence" several times (Doc. 21, pp. 11-13, 16) but never moves beyond mere declaration.  Pursuant to Hilliard v. United States, 157 F.3d 444, 450 (6th Cir. 1998), in order to establish actual innocence, Mr. Wright must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." See also Bousley, 118 S.Ct. at 1611.  In this Circuit actual innocence means "factual innocence, not mere legal

12

insufficiency." Hilliard, 157 F.3d at 450. Thus, the focus of the inquiry is limited to whether no reasonable juror would have otherwise concluded that Mr. Wright committed a theft offense while displaying a firearm under his control. For the same reasons discussed above, the Court determines that a reasonable juror could conclude only that Mr. Wright committed a theft offense while displaying a firearm.

**D.     Ground One: Denied on a Review on the Merits**

**(i)  Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling here as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed.2d 481 (1997). The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). See also Miller v. Francis, 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court outlined the proper application of § 2254(d) in Williams v. Taylor, 529 U.S. 362 (2000). To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant

state court decision." Miller, 269 F.3d at 614 (quoting Williams v. Taylor, 529 U.S. 362 (2000)). Meanwhile, "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 1523. The Sixth Circuit holds that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. Simpson v. Jones, 238 F.3d 399, 405 (6th Cir. 2000).

**(ii) Ground One Considered**

Mr. Wright objects to the Magistrate Judge's recommendation that the appellate court's finding, that the Petitioner's pretrial identification was not impermissibly suggestive, was the result of a reasonable application of federal law. In support of Ground One of his habeas petition, Mr. Wright continues to maintain, as he did in his Traverse, that the transcript of the suppression hearing was improperly relied upon in determining whether the pretrial identification violated the Petitioner's due process rights. Mr. Wright's contention is without merit.

The trial court held a suppression hearing on the question of Mr. Wright's pretrial identification on 2 December 2003. (Doc. 15, Transcript). The state presented the testimony of James Grant who was approached by the Petitioner in committing the offense. The trial court determined, after hearing the testimony of Mr. Grant, and without objection, that it did not need to hear the testimony of Detective Nicholas Phillips

14

and Patrolman Andrew Wausan.  In confining itself to the transcript of the suppression hearing, the state appellate court addressed the evidentiary issue as follows:

> We note that both Wright and the State cite to pages in the trial transcript when discussing this assignment of error [on pretrial identification]. This is improper. The record contains a transcript of the hearing on Wright's motion to suppress. This contains the evidence before the trial court at the time it ruled on the motion to suppress. When ruling on this assignment of error, we are limited to reviewing the evidence in that transcript. See State v. Gonzales, 151 Ohio App.3d 160, 783 N.E.2d 903, 2002-Ohio-4937; Tallmadge v. Gang (1994), 97 Ohio App.3d 56, 646 N.E.2d 215. Accordingly, we will not consider the trial testimony when judging the merits of this assignment of error.

State v. Wright, 2004 WL 2913909 (Ohio App. 7 Dist.,2004) ¶ 30.

The Petitioner's contention is an issue of state evidentiary law.  However, "[t]rial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment ."  McAdoo v. Elo, 365 F.3d 487, 494 (6th Cir.), cert. denied, 543 U.S. 892 (2004) (citing Estelle v. McGuire, 502 U.S. 62, 69-70 (1991); see also Seymour v. Walker, 224 F.3d 542, 552 (6th Cir. 2000), cert. denied, 532 U.S. 989 (2001) ("Errors in the application of state law, especially rulings regarding the admission or exclusion of evidence, are usually not to be questioned in a federal habeas corpus proceeding.").  A federal court "may only grant habeas relief on this issue if the trial court's evidentiary ruling was so egregious that it resulted in a denial of fundamental fairness."  Giles v. Schotten, 449 F.3d 698, 704 (6th Cir. 2006).

In the instant case, Mr. Wright has failed to show that the state appellate court's reliance upon the evidence in the suppression hearing transcript, which contained the

15

evidence before the trial court at the time it ruled on the motion to suppress the pretrial identification of the Petitioner, was so egregious as to result in a denial of fundamental fairness.  Rather, the state appellate court was properly adhering to reasonable state evidentiary rules.  See App. R. 9.

In his motion in opposition to the R&R, Mr. Wright reiterates his contention, contained in his Traverse, that the police procedures used to identify him violated his due process rights and led to his misidentification.  Relying upon the decisions in Manson, supra, and Biggers, supra, the state appellate court reviewed the suppression hearing transcript and observed the following:

> When the suspect approached Grant that morning, Grant was trying to start his wife's car, which was stalled. The suspect asked Grant for the time and Grant told him it was about five after seven. The suspect then took out a pistol and told Grant to give him the car. At this time, the suspect was standing less than a foot away from Grant. Grant noticed that the pistol was a black revolver. Grant told the suspect that the car wouldn't start. The suspect then told him that the gun wasn't real and walked away.
>
> Grant called 911 after the suspect walked away. He described the suspect as "[a] black male, brown short pants, a print shirt, black and brown print shirt, and a baseball cap." At one point, Grant also described the suspect as "a tall, black fellow. He was wearing a black kind of like a jacquard print, like Florida shirt, short pants and a baseball cap." A police officer responded "[j]ust about right away. It looked like they were in the area." As he was speaking to the officer, other officers reported over the radio that they spotted a suspect and the officer he was speaking to left. About ten to fifteen minutes later, the officer returned with Wright in the back seat of his cruiser and Grant positively identified Wright as the man who robbed him.
> Based on this testimony, we conclude the trial court did not abuse its discretion when it denied Wright's motion to suppress Grant's identification. Grant had an opportunity to observe Wright at the time of the crime and described both Wright and the weapon in a reasonably specific amount of detail. Grant was given the opportunity to identify Wright within, at the most, fifteen to twenty minutes after the crime. Grant was certain that Wright was the individual that robbed him. Finally, while there was no testimony regarding whether Grant's description of Wright

16

> was accurate, the police found Wright based solely on Grant's description and Grant was certain Wright was the same man who had robbed him minutes before. These factors all demonstrate that Grant's identification of Wright was reliable.

State v. Wright, 2004 WL 2913909 (Ohio App. 7 Dist.,2004) ¶¶ 33, 34, 35.

From a de novo review of the record, the Court determines that the state appellate court's findings on the issue of Mr. Wright's pretrial identification did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

### IV. Certificate of Appealability

A certificate of appealability ("COA") may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. Murphy v. Ohio. 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. Id. at 467. Each issue must be considered under the standards set forth by the Supreme Court in Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Murphy, 263 F.3d at 467. Consequently, this Court examines the Petitioner's claims pursuant to the Slack standard.

Under Slack, 529 U.S. at 484, 120 S.Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the

17

district court's assessment of the constitutional claims debatable or wrong." For the foregoing reasons, the Court finds that reasonable jurists could not find that this Court's dismissal of Mr. Wright's habeas claim was debatable or wrong. Thus, the Court will deny Mr. Wright a certificate of appealability.

Mr. Wright presented nine grounds for relief in his habeas petition. Upon <u>de novo</u> review, pursuant to Mr. Wright's objections to the Magistrate Judge's R&R, this Court dismissed Grounds Two, Three, Five, Six, Seven, Eight, and Nine, of the petition as procedurally defaulted, while Ground One was denied after finding that the state appellate court determinations were not objectively unreasonable nor contrary to clearly established Federal law, and did not result from a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Mr. Wright made no objection to the finding of non-cognizability with regard to his state law assertions in Ground Four. Accordingly, this Court denied Mr. Wright relief under Ground Four of his petition.

Upon review pursuant to <u>Slack</u>, this Court further concludes that Mr. Wright has not established that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong. Accordingly, pursuant to the standard laid down in <u>Slack</u>, this Court denies a COA for Mr. Wright's habeas claims.

## V. Conclusion

For the foregoing reasons and upon a <u>de novo</u> review of the record, this Court denies the Petitioner's objections and adopts Magistrate Judge Vecchiarelli's Report and Recommendation. Accordingly, Mr. Wright's habeas petition, pursuant to 28 U.S.C.

18

§ 2254, is denied (as to Grounds One and Four) and dismissed (as to Grounds Two, Three, Five, Six, Seven, Eight, and Nine) without further proceedings.

      IT IS SO ORDERED.

                                                      /s/Lesley Wells
                                       UNITED STATES DISTRICT JUDGE